UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Nan Wei,,                      )
    Plaintiff              )
                           )
      v.               )   Case No 11-4028
                           )
Deere & Company,               )
    Defendants             )
                           )

## REPORT AND RECOMMENDATION

Now before the Court is the Plaintiff's Motion for Contempt and Sanctions (#41). The District Judge has referred this motion to me for a Report and Recommendation. I have carefully considered the matter. As explained herein, I recommend that the motion be granted.

### I BACKGROUND

This age discrimination case was filed on April 6, 2011. The initial Rule 16 scheduling conference was held on June 22, 2011. At that conference, discovery was scheduled to conclude on June 15, 2012.

On April 24, 2012, Plaintiff filed a motion to compel (#19). In that motion, Plaintiff stated that Deere had failed to respond to Interrogatories 12 and 13, interposing meritless objections instead. Defense counsel filed a motion (#21), stating that it was "working on a reply and resolution, including a resolution of the discovery dispute" and asking for an extension to June 11 to file its resistance if no resolution was reached. The Court allowed that motion, much to Plaintiff's dismay. She pointed out that the motion was untimely and that defense counsel had, contrary to the assertion in the motion, not only failed to make any effort himself to resolve the discovery dispute but had failed to

1

respond to any of Plaintiff's efforts to try to resolve that dispute. Defendant did file a response, and Plaintiff filed a motion to extend discovery (#23).

Then, on June 15, Plaintiff filed a motion to compel depositions (#25). Plaintiff stated that dates for depositions of two Deere employees had been requested on May 21. Since that date, defense counsel had completely failed to respond to all of counsel's efforts to discuss the matter. Plaintiff asked the Court to compel Deere to produce these two employees for deposition.

All of this was set for a hearing, which was held on July 3, 2012. The Court granted both of Plaintiff's motions to compel. July 24 was set as a deadline for Defendant to respond to all outstanding discovery, and Defendant was ordered to produce the two employees for deposition.

On November 6, Plaintiff filed a motion for sanctions and a finding of contempt (#32), stating that Deere had not answered the two interrogatories and had failed to produce the two employees for deposition. In addition, Plaintiff stated that she had served a second round of written discovery on July 26 and that, despite repeated reminders; no responses had yet been made. Defendant failed to respond to that motion. Pursuant to Local Rule 7.1, the Court ruled on the motion without input from the Defendant. The motion for sanctions was granted. Deadlines were set, and Deere was ordered to pay $1750 in attorney's fees. The Court declined to find Deere in contempt, but cautioned that "failure to comply with this Order in its entirety in a timely manner will result in imposition of sanctions under FRCP 37(b), up to and including the possibility of a finding of contempt or entry of default."

II. MOTION FOR CONTEMPT AND SANCTIONS

In the instant motion (#41) Plaintiff states that Deere has paid the attorney's fees and has answered the second set of written discovery. Plaintiff complains, however, that Deere has yet to respond to Interrogatories 12 and 13. In addition, it appears as though the depositions of the two employees have not yet been taken, although Plaintiff states that no sanction is being sought for this violation of the Order.

Deere responded to this motion, stating that it had provided Plaintiff with some of the personnel records sought in Interrogatories 12 and 13 and that it had notified Plaintiff that the remaining personnel records "would be provided at a later date." Deere goes on to assure the Court that Deere "will provide these to Plaintiff."

This is conduct that cannot go unremarked by the Court. Deere was ordered last July to produce complete responses to these two Interrogatories and to produce employees for deposition. It has already been sanctioned for failing to comply with the original deadline and has been given a second and then a third chance to comply with the Court's order. It should not get a further chance. Moreover, the payment of attorney's fees has not proved to be a deterrent to this type of delaying tactic.

I further note that this appears to be part of a recent pattern. In another case before the undersigned, I have granted a motion to compel against Deere, represented by the same counsel as in this case, under circumstances remarkably similar to what has gone on in this case. See Case No. 11-4035 Freeburg v. Deere (Doc.#19).

There is no excuse for the unprofessional conduct that has been demonstrated. It impacts not only the Plaintiff but also the Court. This nearly-two-year-old case will most likely have to be rescheduled yet again, all because Defendant refuses to live up to its

obligations under the Federal Rules. Some steps should be taken to see that this stops. I therefore recommend that Defendant's failure to obey the several Orders be treated as contempt of court pursuant to FRCP 37(b)(2)(A)(vii). Also, to alleviate any prejudice to the Plaintiff, I recommend that attorney's fees be awarded in the amount necessary to compensate her counsel for the time spent preparing and filing this motion.

### III. CONCLUSION

For the reasons stated, I recommend that Defendant be ordered to show cause why it should not be found in contempt for repeated failures to comply with Orders entered by this Court.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report and Recommendation. FRCP 72(b); 29 USC636 (b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Video Views Inc. v Studio 21, Ltd.*, 797 F2d 538 (7th Cir 1986).

ENTERED: March 18, 2013

                            s/ John A. Gorman

                            JOHN A. GORMAN
                            UNITED STATES MAGISTRATE JUDGE