UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NAN WEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-cv-4028-SLD-JAG |
| ) | |
| DEERE & COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter comes to the Court on Defendant's failure to comply with its discovery obligations. The Court referred Plaintiff's currently pending Motion for Contempt and Sanctions, ECF No. 41, to the Magistrate. On March 19, 2013, Magistrate Judge Gorman filed a Report & Recommendation. ECF No. 44. In his Report and Recommendation, Magistrate Judge Gorman recommended that Defendant be ordered to pay reasonable attorney's fees and further show cause why it should not be found in contempt for repeatedly failing to comply with Orders from this Court. On March 28, 2013, Defendant further supplemented its document production and its response to two disputed interrogatories. Then on April 2, 2013, Defendant filed an objection to the Magistrate's Report and Recommendation. ECF No. 46.

**BACKGROUND**

Although Magistrate Judge Gorman recounts how Plaintiff came to file a motion for contempt and sanctions, the context of that motion is important so it bears repeating. The history of this case, as it relates to the pending motion, began when Plaintiff filed a motion to compel on April 24, 2012, arguing that Defendant had failed to meaningfully respond to interrogatory numbers 12 and 13. ECF No. 19. Defendant's deadline to respond to the motion to compel was set to May 11, 2012. May 11th came and went without any response. It was not until May 23rd

1

that Defendant responded—and not with an opposition; rather, a tardy request for an extension of time.  ECF No. 21.  Over Plaintiff's objection, the Court granted Defendant an extension.

Before the Court ruled on the first motion to compel, Plaintiff filed a second motion to compel; this time, moving the Court to compel depositions of two Defendant employees.  ECF No. 25.  Both motions were set for hearing, where the Court ordered Defendant to respond to all outstanding discovery by July 24, 2012, and to produce the two requested employees for deposition.  Further, the Court pushed the close of discovery back from June 15, 2012, to January 4, 2013.

On November 6, 2012, Plaintiff filed a motion to compel and for sanctions.  ECF No. 32.  Plaintiff argued that Defendant had still not produced the two employees for deposition, had still not meaningfully responded to the two interrogatories, and had not produced all relevant documents.  Defendant's deadline to respond to the motion was set to November 26, 2012.  November 26th came and went without any response.  Pursuant to Local Rule 7.1, the Court ruled on Plaintiff's motion even though Defendant failed to respond.  The Court granted Plaintiff's motion to compel and sanctioned Defendant by ordering Defendant to pay reasonable attorney's fees.  ECF No. 38.  Defendant was ordered to respond to the two interrogatories, produce all relevant documents, and offer the two employees for deposition by December 18, 2012.  In a final word of caution, the Court warned that failure to comply with its order will result in sanctions, including the possibility of contempt or entry of default.  *Id.*

That brings us to Plaintiff's Motion for Contempt and Sanctions, the motion currently pending. ECF No. 41.  In it, Plaintiff argues that Defendant had neither meaningfully responded to the two disputed interrogatories nor produced all requested documents.  Though the two employees have still not been deposed, Plaintiff states that she is not seeking a sanction on that issue at this time.

## DISCUSSION

**I.  The Missing Discovery**

A bit of background on Plaintiff's underlying claim is necessary to understand the importance of this discovery dispute. Plaintiff sued Defendant for age discrimination. Plaintiff alleges that he was wrongly accused of travel and meal expense report violations. Complaint at ¶ 7, ECF No. 1. As a result of this wrongful accusation, Plaintiff alleges that his job duties were restricted, his incentive pay was eliminated, and eventually, he was replaced by a younger person. *Id.*

Read together, the two disputed interrogatories are aimed at identifying other Defendant employees who allegedly committed travel expense report violations and of those employees, determining what, if any, adverse action was taken against them. In his original Motion to Compel, Plaintiff explains that he needs this information to establish that other similarly situated, but younger, employees received systematically better treatment. ECF No. 19 (citing *Huff v. UARCO Inc.*, 122 F.3d 374, 380 (7th Cir. 1997)). The document requests at issue relate to documents that correspond to these allegedly similarly situated employees.

When Plaintiff moved for contempt and sanctions, Defendant had supplemented its relevant interrogatory responses three times (since then, Defendant has supplemented its response two more times). In its third supplemental response, Defendant identified the names of four employees who allegedly violated Defendant's travel expense policy. Instead of providing a narrative response regarding the requested identifying information for the four employees (e.g., age, job classification, date of hire), Defendant responded that such information is found in the employee's personnel records. But Defendant concedes that it only produced personnel records for two of the four employees. *See* Defendant's Resistance to Plaintiff's Motion for Contempt and Sanctions at 1, ECF No. 42. And for the two personnel records produced, Defendant made

determining their ages—obviously a critical piece of information—impossible by redacting the employees' birthdates. *Id.* Defendant's justification for redacting the employees' birthdates—to protect the confidentiality of the employees—is arguably frivolous. Since a protective order is in place, see ECF No. 10, and interrogatories are served on the opposing party, not filed on the public docket, any confidentiality concerns should be eliminated. But even if no protective order was in place and the information was filed on the docket, the Federal Rules allow the year of a person's birth to stay unredacted. *See* Fed. R. Civ. Pro. 5.2(a)(2).[1] In sum, Defendant's third supplemental interrogatory responses and corresponding document production were plainly deficient.

## II.   The Magistrate's Report and Recommendation

After Plaintiff filed his Motion for Contempt and Sanctions, but before the Magistrate issued his Report and Recommendation, Defendant served Plaintiff with supplemental interrogatory responses and more documents. *See* Notice of Discovery, ECF No. 43. More specifically, Defendant finally produced the unredacted personnel files for the four employees who allegedly violated Defendant's travel expense policy.[2] At this time, the Court declines to comment on whether information in the unredacted personnel files provides a sufficient response to interrogatories 12 and 13. But even assuming that Plaintiff now has all the information he

---

[1] Somewhat ironically, Defendant violated Rule 5.2(a)(2) when it attached the personnel records of the four employees to its objection to the Report and Recommendation without redacting the day and month of the employee's birth because Defendant did not file under seal. Defendant further violated Local Rules by not redacting the employee's addresses or filing under seal. Accordingly, the Court hereby STRIKES the exhibits to Defendant's objections, ECF No. 46, as being filed in violation of Local Rule 5.11(A)(1) and Federal Rule of Civil Procedure 5.2(a)(2).

[2] Plaintiff argues that Defendant cannot simply refer to personnel files in its interrogatory response. Pursuant to Federal Rule of Civil Procedure 33(d), however, Defendant is entitled to respond to interrogatories by specifying business records (such as the personnel files) in which the answers can be found.

requested, the information was not provided to Plaintiff until February 11, 2013, over six-months and two Plaintiff motions after the Court-imposed deadline of July 24, 2012.

Defendant's behavior not only harms the Plaintiff, who filed this lawsuit over two years ago, but it also impacts the Court's schedule. The Magistrate noted his concern that awarding attorney's fees has not shown to be an effective deterrent. As such, the Magistrate recommended that the Court order Defendant to show cause why it should not be held in contempt.

### III.    Defendant's Objections and Further Supplementation

After the Magistrate issued his Report and Recommendation, Defendant supplemented its interrogatory responses and document production again. *See* ECF Nos. 45, 47. Then Defendant objected to the Magistrate's Report and Recommendation, arguing that interrogatories 12 and 13 have been fully and completely answered. Plaintiff responded to Defendant's objection. ECF No. 48. Plaintiff does not argue that Defendant's interrogatory responses remain insufficient, but instead emphasizes how long it took Defendant to finally fully respond. Plaintiff requests attorney's fees and an extension of all discovery dates.

### IV.    Analysis

The Court will conduct a de novo review of the Magistrate's Report and Recommendation related to Plaintiff's Motion for Contempt and Sanctions. *See Mintel Int'l Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 690-91 (N.D. Ill. 2009). On two separate occasions, the Court ordered Defendant to fully respond to interrogatories 12 and 13. And on both occasions, the Court gave Defendant a deadline by which a full response was required. And on both occasions, Defendant did not fully respond by the deadline set by Court order. As discussed above, Defendant's third supplemental interrogatory response was plainly insufficient. The Court makes no determination as to whether Defendant's interrogatory responses and document production are still deficient. But because Defendant asserts that it has finally

5

complied with its discovery obligations, and Plaintiff did not challenge that assertion in his response, the Court will not order further supplementation at this time.  Plaintiff can file an appropriate motion if deficiencies still remain.

Because the record shows that Defendant's failure to comply with Court ordered deadlines has not only delayed this proceeding, but also increased Plaintiff's expense, the Court will grant Plaintiff's request for attorney's fees and to extend all discovery dates.  Thus, Defendant is ordered to pay attorney's fees in the amount of $1050 within 14 days of this order.  Plaintiff is ordered to file a proposed amended discovery schedule within 14 days of this order.

It appears that Defendant has finally received the message about satisfying its discovery obligations in a timely manner.  Although a close call, the Court will not at this time hold Defendant in contempt.  As should go without saying, however, Defendant will not be given any more leeway.

## CONCLUSION

Plaintiff's Motion for Contempt and Sanctions, ECF No. 41, is GRANTED to the following extent and the Magistrate's Report and Recommendation, ECF No. 44, is ADOPTED to the following extent: Defendant is ordered to pay attorney's fees in the amount of $1050 within 14 days of this order.  Plaintiff is ordered to file a proposed amended discovery schedule within 14 days of this order.  Further, the exhibits to Defendant's Objection to Court's Report and Recommendation, ECF No. 46, are hereby STRICKEN as violating this Court's Local Rules and the Federal Rules of Civil Procedure requiring redaction of personal identification information.  The Clerk is directed to strike and seal exhibits 1-5.

Entered this 18th day of April, 2013.

                                             s/ Sara Darrow
                                             SARA DARROW
                               UNITED STATES DISTRICT JUDGE