UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NAN WEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-cv-4028-SLD-JAG |
| ) | |
| DEERE & COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Court granted Defendant's Motion for Reconsideration, ECF No. 60, before Plaintiff's time to respond had run. Plaintiff timely opposed Defendant's motion, so the Court will now consider Plaintiff's opposition.

Defendant's Motion for Reconsideration was accompanied by an affidavit from Rand Wonio, who is a senior trial lawyer at Lane & Waterman LLP. In it Wonio explains that after conducting a thorough investigation, he determined that Motions and Orders regarding sanctions were not sent to Deere. As such, Wonio requested that the Court enter a nunc pro tunc order to reflect that the discovery violations were caused solely by the inattentiveness of attorney Cameron Davidson of Lane & Waterman and his failure to communicate to Deere. Wonio further requested that Lane & Waterman, not Deere, be ordered to pay all sanctions.

Plaintiff now brings Seventh Circuit authority to the Court's attention that "the law in this circuit is that an attorney's conduct must be imputed to his client in *any* context." *United States v. Di Mucci*, 879 F.2d 1488, 1496 (7th Cir. 1989) (emphasis in original). The Seventh Circuit has cited *Di Mucci* with approval as recently at 2009. *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 849 (7th Cir. 2009). In *Bakery Mach. & Fabrication*, the Seventh Circuit further explained that a client is bound by its attorney's negligence:

1

> The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds. The rule is that all of the attorney's misconduct (except in the cases where the act is outside the scope of employment or in cases of excusable neglect) becomes the problem of the client.

*Id.* at 848 (internal citations omitted). Both *Di Mucci* and *Bakery Mach. & Fabrication*, however, are cases in which a party asked the court to vacate a default judgment because the attorney was to blame for the default, not the client. But Deere is not asking the Court to vacate any of its prior rulings. Instead, Deere only seeks an order clarifying that the *reason* it is liable is because of Davidson's misconduct. Because Davidson's misconduct is still fully imputed to Deere, the Court's nunc pro tunc order is consistent with this Seventh Circuit case law.

Further, Federal Rule of Civil Procedure 37(b)(2)(C) gives the Court discretion to order the attorney, but not the client, to pay reasonable attorney's fees as a sanction. Plaintiff attached an earlier version of Wonio's affidavit that asserted "Deere & Company was unaware of any discovery dispute after the July 3, 2012 Order," and an email from Lane & Waterman explaining that this language had to be cut because in-house counsel was in fact aware "that discovery issues were out there." As such, Plaintiff urges the Court to deny the part of Deere's motion requesting that Lane & Waterman, not Deere, be ordered to pay the previously-decided sanctions. In balancing Wonio's declaration and the fact that in-house counsel at Deere was generally aware of "discovery issues," the Court exercises its discretion to order Lane & Waterman only to pay the attorney's fees. Therefore, the Court will uphold its July 23, 2013 nunc pro tunc Text Order.

Entered this 25th day of July, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
